VIRGINIA A. HARWOOD, Respondent, *v.* CALVIN W. LARRAMORE, ADMINISTRATOR, ETC., Appellant.

1. *Practice, civil — Verdict — Evidence — Appeal.* — In a civil law case the Supreme Court will not interfere with the verdict of the jury on the ground that the same is against the weight of evidence.

2. *Administration — Claim — Interest.* — Interest may be awarded on the amount claimed against the estate of a deceased person, although not called for in the notice presented to the administrator.

*Appeal from Ray Court of Common Pleas.*

*Scoville & Esteb*, with *Bannister & Hughes*, for appellant.

*Black & Black*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The Common Pleas Court of Ray County has probate jurisdiction. The plaintiff presented a demand for allowance against the estate of John B. McGaugh, deceased, of which defendant is administrator. The claim is for a balance of purchase-money for an interest in a tract of land in Dallas county, in the State of Texas, which the plaintiff had conveyed to deceased.

The plaintiff, on the trial, gave evidence tending to show the amount due her from deceased. The defendant set up payment,

and produced a receipt purporting to have been given by plaintiff to the deceased in his lifetime ; and the only question before the jury was as to the genuineness of this receipt. The evidence was conflicting, but the jury found in favor of the plaintiff for the amount claimed, and allowed interest thereon from the time it was due.

There is no question of law raised in the case. It is brought here on the question as to the weight of evidence. This question has so often been passed upon by this court that it is useless to repeat that we cannot interfere with a verdict merely because it is supposed to be against the weight of evidence. That question is for the Circuit Court, and not for this court to decide.

The point is made that the jury had no right to allow interest, and thereby increase the claim beyond the amount specified in the notice. The amount in the notice was the principal. The interest is merely incidental thereto, and ought to be allowed after the claim became due. The appellants also insist that the plaintiff was allowed to testify as a witness. But the record does not show any such thing. When the defendant introduced the receipt purporting to be signed by her, it was assumed to be necessary that she should put in a plea denying, under oath, the execution of the receipt. This was not evidence, nor was it used as evidence, but only to raise an issue as to the genuineness of the receipt. This plea was unnecessary, but does not constitute error.

There seems to be such little foundation for this appeal that the judgment must be affirmed, with ten per cent. damages to be allowed in favor of plaintiffs. The other judges concur.